IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:26-cv-370-KDB-WCM

| | |
|---|---|
| SYREETA LANE,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | **DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(a), hereby submits its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Syreeta Lane ("Plaintiff" or "Lane"):

## ANSWER TO THE COMPLAINT ALLEGATIONS

Wells Fargo responds to the allegations in the correspondingly numbered paragraphs in Plaintiff's Complaint as follows:

## RESPONSE TO "PARTIES, JURISDICTION, & VENUE"

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's demographic background and residency, but avers that according to its records, Plaintiff self-identified as a Black or African American female and listed a home address in Charlotte, North Carolina. Defendant acknowledges Plaintiff is alleging claims based on Defendant's purported actions but denies that Plaintiff's Complaint accurately sets forth Defendant's actions and denies that its actions were in violation of any federal, state, local or other laws.

2. Defendant admits it employed Plaintiff during the time periods referenced in the Complaint. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits it is registered to do business in North Carolina, maintains an office located at 401 South Tryon Street, 15th and 16th Floors, Charlotte, North Carolina 28202, and that Plaintiff worked from this location. Defendant further admits that its principal office is located at 464 California Street, San Francisco, California 94104. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits it employs more than 15 employees. The remaining allegations in Paragraph 4 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits it employed Plaintiff during the time periods referenced in Plaintiff's Complaint. The remaining allegations in Paragraph 5 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits it employs more than 50 employees. The remaining allegations in Paragraph 6 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. The allegations in Paragraph 7 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant admits Plaintiff was, at certain points during her employment with Defendant, employed by Defendant for at least 12

months and performed at least 1,250 hours of service for Defendant. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. The allegations in Paragraph 8 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant admits that, as her employer, Defendant had power and authority to direct, control, and supervise the work performed by Plaintiff. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Paragraph 9 of Plaintiff's Complaint sets forth a conclusion of law and a statement of jurisdiction to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over properly stated claims arising under the Americans with Disabilities Act, as amended ("ADA"), and the Family and Medical Leave Act of 1993 ("FMLA"), but denies that Plaintiff has stated such a claim.

10. Defendant admits it conducts business in Charlotte, North Carolina, and that Charlotte, North Carolina is within this judicial district. The remaining allegations in Paragraph 10 of Plaintiff's Complaint set forth a legal conclusion and a statement of jurisdiction to which no response is required.

11. Defendant admits it conducts business in this judicial district and that Plaintiff was hired to work within this judicial district. The remaining allegations in Paragraph 11 of Plaintiff's Complaint set forth a legal conclusion and a statement of venue to which no response is required.

## RESPONSE TO "EXHAUSTION OF FEDERAL REMEDIES"

12. The allegation that Plaintiff's charge was "timely" filed states a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the date Plaintiff filed a charge of discrimination with

the U.S. Equal Employment Opportunity Commission ("EEOC"), avers that it received a notice of a charge of discrimination filed by Plaintiff and dated December 5, 2024, and respectfully refers the Court to the charge for its contents, which speaks for itself. Defendant denies its actions were in violation of any federal, state, local or other laws. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. The allegation that Plaintiff "timely" brought this action states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the EEOC's Determination and Notice of Right to Sue was issued on February 9, 2026. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the date Plaintiff received the Notice and therefore denies the same. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. The allegations in Paragraph 14 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

## RESPONSE TO "STATEMENT OF FACTS"

### *Employment History and Background*

15. Defendant repeats and incorporates by reference each of its answers to the allegations contained in Paragraphs 1-14 as if fully set forth herein.

16. Defendant admits that at certain times during her employment with Defendant, Plaintiff held the title of Senior Lead Auditor. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant admits that Plaintiff was employed in its Internal Audit Department at certain times during her employment with Defendant. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant admits that Plaintiff was, at certain points during her employment with Defendant, responsible for performing independent, objective assurance and risk management activities, including conducting process, risk and control assessments, as well as leading audit engagements in accordance with professional standards, but denies that this encompasses all of Plaintiff's job responsibilities. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of Plaintiff's Complaint, as "clients" is not defined and subject to multiple interpretations, and on such basis denies the same.

22. Defendant admits that it employed Jona Mendoza ("Mendoza") as an Audit Director. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. The allegations in Paragraph 23 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant admits Ms. Mendoza had responsibility for making certain decisions and implementing certain policies relevant to her position. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant admits that it employed Rose Ann Poquiz ("Poquiz") and that Plaintiff performed work on the Corporate Strategic Planning Horizontal audit in 2023. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. The allegations in Paragraph 25 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant admits Ms. Poquiz had responsibility for making certain decisions and implementing certain policies relevant to her position. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant admits it employed Dennis Aquino as a Senior Audit Manager and admits Mr. Aquino began directly supervising Plaintiff on or around August 27, 2023. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. The allegations in Paragraph 27 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant admits Mr. Aquino had responsibility for making certain decisions and implementing certain policies relevant to his position. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

*Plaintiff's Documented Disability & Prior Accommodations*

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29. Defendant admits Plaintiff disclosed that she had been diagnosed with Multiple Sclerosis to a member of Defendant's employee relations team in or around March of 2015.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's alleged impairments or limitations and therefore denies the same. The

remaining allegations in Paragraph 30 of Plaintiff's Complaint contain conclusions of law to which no response is required.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations with respect to her immune system or risk of infection and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the alleged determinations of Plaintiff's treating physician or her need to avoid particular environments and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's alleged risk-limiting conduct outside of the office and therefore denies the same.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the basis for Plaintiff's intermittent absences and therefore denies the same.

35.Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant admits that Plaintiff requested to work remotely full-time and to take intermittent leave in 2021, 2022, and 2023. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant admits that it approved Plaintiff's requests to work remotely full-time and to take intermittent leave in 2021, 2022, and 2023. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

*Plaintiff's Performance Background*

39. The allegations in Paragraph 39 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant admits Plaintiff was on an approved leave of absence from November 11, 2022, through March 12, 2023, and that such absence was designated as covered by the FMLA.

41. Defendant respectfully refers the Court to the documents referenced in Paragraph 41 of Plaintiff's Complaint and its subparts for their complete content, as such documents speak for themselves, and on such basis denies the allegations contained in Paragraph 41 of Plaintiff's Complaint and its subparts.

*Discriminatory and Retaliatory Treatment Following Plaintiff's Return from FMLA Leave*

42. Defendant admits that Plaintiff returned from a leave of absence in March of 2023. Defendant admits Plaintiff was rated as "Inconsistently Meets Expectations" in her 2023 mid-year performance review but denies that this rating was determined by Ms. Mendoza alone. Defendant respectfully refers the Court to the cited document, which speaks for itself, for its complete content and meaning, and on such basis denies the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant admits that Plaintiff was on leave through March 12, 2023, that her 2023 mid-year evaluation covered the work she did after her return from leave, and that her work during this period included an engagement on the Credit Sales & Trading – HGHY audit. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendant respectfully refers the Court to the cited document, which speaks for itself, for its complete content and meaning, and on such basis denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant admits that it employed Mr. Aquino as Senior Audit Manager and that Mr. Aquino began directly supervising Plaintiff in or around August 2023.

48. Defendant admits that during 2023, Plaintiff participated in the Operations – HL Servicing – Single Point of Contact audit and Corporate Strategic Planning Horizontal audit. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant respectfully refers the Court to the cited documents, which speak for themselves, for their complete content and meaning, and on such basis denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendant respectfully refers the Court to the cited document, which speaks for itself, for its complete content and meaning, and on such basis denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendant respectfully refers the Court to the cited document, which speaks for itself, for its complete content and meaning, and on such basis denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant respectfully refers the Court to the cited document, which speaks for itself, for its complete content and meaning, and on such basis denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant respectfully refers the Court to the cited document, which speaks for itself, for its complete content and meaning, and on such basis denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendant respectfully refers the Court to the cited document, which speaks for itself, for its complete content and meaning, and on such basis denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendant admits that Plaintiff and Mr. Aquino met to discuss her 2023 year-end evaluation and the basis thereof. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendant respectfully refers the Court to the cited document, which speaks for itself, for its complete content and meaning, and on such basis denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant respectfully refers the Court to the cited document, which speaks for itself, for its complete content and meaning, and on such basis denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendant admits Ms. Mendoza and Mr. Aquino were aware that Plaintiff was working remotely and that Ms. Mendoza had been provided with notice of same, and admits that Mr. Aquino was aware that Plaintiff was on a leave of absence from January through March 2023. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendant denies that Plaintiff's "good performance continued into 2024," and respectfully refers the Court to the cited documents, which speak for themselves, for their complete

content and meaning, and on such basis denies the remaining allegations contained in Paragraph 59 of Plaintiff's Complaint and its subparts.

60. Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendant respectfully refers the Court to the cited documents, which speak for themselves, for their complete content and meaning, and on such basis denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. To the extent Paragraph 63 characterizes any action as an "adverse action," it states a legal conclusion to which no response is required. Defendant denies that any of its actions were adverse actions and denies the remaining allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendant admits that other employees had informed Mr. Aquino that, in sum and substance, Plaintiff was not performing to Defendant's expectations, and that Mr. Aquino communicated this to Plaintiff. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendant denies that Mr. Aquino baselessly criticized Plaintiff, repeatedly threatened her with termination, or refused to engage constructively or provide her with any meaningful opportunity to respond to concerns. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the alleged effects on Plaintiff's professional confidence, MS symptoms, and emotional distress and therefore denies the same.

67. Defendant respectfully refers the Court to the cited document, which speaks for itself, for its complete content and meaning, and on such basis denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Defendant lacks knowledge or information sufficient to understand what Plaintiff means by the phrase "received notification of Plaintiff's concerns" and therefore denies the same.

69. Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

*Plaintiff's 2024 Accommodation Request and Denial*

70. Defendant admits that in June of 2024, Plaintiff submitted a request for full-time remote work. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendant admits that in June of 2024, Plaintiff submitted a request for full-time remote work and intermittent absences. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. Defendant respectfully refers the Court to the cited document, which speaks for itself, for its complete content and meaning, and on such basis denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73. Defendant respectfully refers the Court to the cited document, which speaks for itself, for its complete content and meaning, and on such basis denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74. The allegations in Paragraph 74 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. To the extent Paragraph 75 purports to characterize the requirements of 29 C.F.R. § 825.300(b), it states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76. To the extent Paragraph 76 purports to characterize the requirements of 29 C.F.R. § 825.300(c), it states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78. Defendant admits Plaintiff submitted an accommodation request in June of 2024. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79. Defendant admits that Myeisha Henderson contacted Plaintiff regarding her accommodation request in August. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80. Defendant respectfully refers the Court to the cited document, which speaks for itself, for its complete content and meaning, and on such basis denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81. Defendant respectfully refers the Court to the cited document, which speaks for itself, for its complete content and meaning, and on such basis denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82. Defendant respectfully refers the Court to the cited document, which speaks for itself, for its complete content and meaning, and on such basis denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83. The allegations in Paragraph 83 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited documents, which speak for themselves, for their complete content and meaning, and on such basis denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84. The allegations in Paragraph 84 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85. Defendant respectfully refers the Court to the cited document, which speaks for itself, for its complete content and meaning, and on such basis denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86. Upon information and belief, Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87. The allegations in Paragraph 87 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88. To the extent Paragraph 88 characterizes the obligations of an interactive process under the ADA, it states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89. The allegations in Paragraph 89 of Plaintiff's Complaint, including the reference to an operational need that would "justify" denying an accommodation, contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90. The allegations regarding "undue hardship" state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91. The allegations regarding "undue hardship" state a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to understand what constitutes "the record" as stated in Paragraph 91 and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 91 of Plaintiff's Complaint.

92. To the extent Paragraph 92 characterizes the requirements of the ADA, it states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

*Retaliatory and Discriminatory Conduct Following Accommodation Denial*

93. Defendant admits the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94. Defendant denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96. Defendant denies the allegations contained in Paragraph 96 of Plaintiff's Complaint.

*Plaintiff's Forced Transition to Disability Leave and Resulting Harm*

97. The allegations in Paragraph 97 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant admits, upon information and belief, that Plaintiff's application for short-term disability benefits was approved in or around August or September of 2024. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98. Upon information and belief, Defendant admits the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99. Upon information and belief, Defendant admits the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100. The allegations in Paragraph 100 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant admits, upon information and belief, that Plaintiff's application for short-term disability benefits was extended on multiple occasions. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101. Defendant admits, upon information and belief, that Plaintiff was approved for long-term disability benefits effective February 18, 2025. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the content of Lincoln Financial's notification to Plaintiff and therefore denies the same. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102. Defendant admits that Lincoln Financial Group was the administrator of the applicable long-term disability benefits plan and, as such, was responsible for approving and administering claims under such plan. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103. The allegations in Paragraph 103 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant admits, upon information and belief, that Plaintiff continues to receive long-term disability benefits. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104. The allegations in Paragraph 104 of Plaintiff's Complaint regarding causation state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105. Upon information and belief, Defendant admits that Plaintiff's long-term disability benefits are a percentage of her compensation at the time she stopped working and went out on leave. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106. Defendant admits that it provides certain health insurance benefits to qualified employees. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's out-of-pocket payments and therefore denies the same. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107. The allegations in Paragraph 107 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's inability to return to work. Defendant denies the remaining allegations contained in Paragraph 107 of Plaintiff's Complaint.

108. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the status of Plaintiff's physical symptoms or alleged emotional distress and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 108 of Plaintiff's Complaint.

**RESPONSE TO "FIRST CAUSE OF ACTION**
**Violation of the Americans with Disabilities Act of 1990, as Amended 42 U.S.C. § 12101, et seq.—Failure to Accommodate"**

109. Defendant repeats and incorporates by reference each of its answers to the allegations contained in Paragraphs 1-108 as if fully set forth herein.

110. The allegations in Paragraph 110 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Defendant was an employer and Plaintiff was an employee of Defendant. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111. The allegations in Paragraph 111 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's medical condition and therefore denies the same.

112. Defendant denies the allegations contained in Paragraph 112 of Plaintiff's Complaint.

113. The allegations in Paragraph 113 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114. Defendant denies the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115. Defendant admits that Plaintiff submitted a request for full-time remote work in June of 2024. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 115 of Plaintiff's Complaint.

116. Defendant denies the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117. Defendant denies the allegations contained in Paragraph 117 of Plaintiff's Complaint.

118. Defendant denies the allegations contained in Paragraph 118 of Plaintiff's Complaint.

119. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of what is medically necessary or a personal preference of Plaintiff and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 119 of Plaintiff's Complaint.

120. The allegations in Paragraph 120 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 120 of Plaintiff's Complaint.

121. The allegations in Paragraph 121 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 121 of Plaintiff's Complaint.

122. The allegations in Paragraph 122 of Plaintiff's Complaint regarding "undue hardship" state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123. To the extent Paragraph 123 characterizes the requirements of the ADA, it states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 123 of Plaintiff's Complaint.

124. The allegations in Paragraph 124 of Plaintiff's Complaint regarding causation state conclusions of law to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the status of Plaintiff's physical symptoms and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 124 of Plaintiff's Complaint.

125. The allegations in Paragraph 125 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant admits, upon

information and belief, that Plaintiff continues to receive long-term disability benefits. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 125 of Plaintiff's Complaint.

126. The allegations in Paragraph 126 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 126 of Plaintiff's Complaint.

127. The allegations in Paragraph 127 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 127 of Plaintiff's Complaint.

128. The allegations in Paragraph 128 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 128 of Plaintiff's Complaint.

**RESPONSE TO "SECOND CAUSE OF ACTION**
**Violation of the Americans with Disabilities Act of 1990, as Amended 42 U.S.C. § 12101, et seq.—Retaliation"**

129.–149. On October 19, 2026, this Court (ECF No. 13) granted in part Wells Fargo's Motion to Dismiss (ECF No. 9) and dismissed Plaintiff's Second Cause of Action against Wells Fargo. Accordingly, no response to Paragraphs 129 through 149 is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraphs 129 through 149 of Plaintiff's Complaint.

**RESPONSE TO "THIRD CAUSE OF ACTION**
**Violation of the Americans with Disabilities Act of 1990, as Amended 42 U.S.C. § 12101, et seq.—Hostile Work Environment"**

150.—161. On October 19, 2026, this Court (ECF No. 13) granted in part Wells Fargo's Motion to Dismiss (ECF No. 9) and dismissed Plaintiff's Third Cause of Action against Wells

Fargo. Accordingly, no response to Paragraphs 150 through 161 is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraphs 150 through 161 of Plaintiff's Complaint.

**<u>RESPONSE TO "FOURTH CAUSE OF ACTION</u>**
**<u>Violation of Family and Medical Leave Act, 29 U.S.C. § 2615(a)(1)—Interference"</u>**

162.—181. On October 19, 2026, this Court (ECF No. 13) granted in part Wells Fargo's Motion to Dismiss (ECF No. 9) and dismissed Plaintiff's Fourth Cause of Action against Wells Fargo. Accordingly, no response to Paragraphs 162 through 181 is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraphs 162 through 181 of Plaintiff's Complaint.

**<u>RESPONSE TO "FIFTH CAUSE OF ACTION</u>**
**<u>Violation of Family and Medical Leave Act, 29 U.S.C. § 2615(a)(2)—Retaliation"</u>**

182.—189. On October 19, 2026, this Court (ECF No. 13) granted in part Wells Fargo's Motion to Dismiss (ECF No. 9) and dismissed Plaintiff's Fifth Cause of Action against Wells Fargo. Accordingly, no response to Paragraphs 182 through 189 is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraphs 182 through 189 of Plaintiff's Complaint.

**<u>RESPONSE TO "PRAYER FOR RELIEF"</u>**

Defendant denies that Plaintiff is entitled to any relief and specifically denies that Plaintiff is entitled to any of the relief requested in her Prayer for Relief. Defendant further denies any allegations of fact contained in subparts (1) through (8) of Plaintiff's Prayer for Relief.

EACH AND EVERY ALLEGATION CONTAINED IN PLAINTIFF'S COMPLAINT, INCLUDING ALL CLAIMS OR PRAYERS FOR RELIEF, NOT SPECIFICALLY ADMITTED HEREIN, IS DENIED.

## DEFENDANT'S AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendant, without implying or conceding that it bears the burden of proof or persuasion for any defense asserted herein, hereby alleges the following additional defenses to Plaintiff's claims:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted and therefore must be dismissed.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that the doctrines of equitable estoppel, waiver, and/or laches are applicable to the facts alleged or to be alleged.

**THIRD DEFENSE**

Defendant is not liable for Plaintiff's claims for damages set forth in the Complaint to the extent Plaintiff seeks redress for emotional distress injuries arising from preexisting mental conditions.

**FOURTH DEFENSE**

Defendant has complied in good faith with all applicable laws and regulations and, having so complied, acted without improper motive, and any injury accruing to Plaintiff, the existence of which is specifically denied, is not actionable.

**FIFTH DEFENSE**

Plaintiff cannot establish that she was able to perform the essential functions of her position with a reasonable accommodation.

**SIXTH DEFENSE**

Defendant made reasonable accommodations available to Plaintiff, which Plaintiff rejected.

**SEVENTH DEFENSE**

To the extent Defendant denied Plaintiff's request for accommodation, such accommodation would have imposed an undue hardship on Defendant's operations or was otherwise prohibited by another Federal law or regulation.

**EIGHTH DEFENSE**

To the extent Plaintiff suffered any damages or losses for which Plaintiff seeks to hold Defendant responsible, those claimed damages or losses are subject to the limitations of all applicable statutory caps or limits existing at law.

**NINTH DEFENSE**

Plaintiff’s claims must be dismissed, in whole or in part, to the extent that those claims are barred by any applicable statute of limitations or statute of repose.

**TENTH DEFENSE**

Plaintiff’s claims are barred, in whole or in part, by Plaintiff’s failure to satisfy her administrative prerequisites prior to bringing this action.

**ELEVENTH DEFENSE**

To the extent Plaintiff recovers any monies from collateral sources, Defendant is entitled to a set-off.

## TWELFTH DEFENSE

Plaintiff's Complaint fails to state any facts that would entitle Plaintiff to recovery of any punitive damages, liquidated damages, compensatory damages, attorneys' fees or costs from Defendant.

## THIRTEENTH DEFENSE

Defendant is not liable for Plaintiff's claims for damages set forth in the Complaint to the extent Plaintiff seeks economic damages for periods in which she was unable to work due to her own disability or personal reasons.

## FOURTEENTH DEFENSE

Defendant is not liable for Plaintiff's any economic loss purportedly suffered by Plaintiff to the extent she failed to properly mitigate same.

## FIFTEENTH DEFENSE

At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local rules, regulations or guidelines.

## SIXTEENTH DEFENSE

Defendant avers that it met any obligations to engage in an interactive process with Plaintiff to identify reasonable accommodations.

## SEVENTEENTH DEFENSE

Plaintiff could not be reasonably accommodated within the meaning of Section 102 of the ADA, 42 U.S.C. § 12112.

**EIGHTEENTH DEFENSE**

Plaintiff's claims must be dismissed to the extent Defendant provided her with a reasonable accommodation, but in spite of such accommodation, Plaintiff could not perform the essential functions of her position.

**NINETEENTH DEFENSE**

Plaintiff is barred from seeking compensatory and punitive damages because Defendant made good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodation for her known physical limitations.

DEFENDANT RESERVES THE RIGHT TO AMEND ITS ANSWER TO PLAINTIFF'S COMPLAINT AND TO DESIGNATE ADDITIONAL DEFENSES AS THEY BECOME APPARENT THROUGH THE COURSE OF DISCOVERY, INVESTIGATION, OR OTHER MEANS.

**PRAYER FOR RELIEF**

WHEREFORE, having answered each and every allegation contained in Plaintiff's Complaint, Defendant makes the following prayer for relief:

1. That this Court deny all requested relief contained in Plaintiff's Complaint;

2. That this Court dismiss Plaintiff's Complaint with prejudice;

3. That all costs of this action, including Defendant's attorneys' fees, be charged to Plaintiff as allowed by law or statute;

4. That this Court grant such other and further relief to Defendant as the Court may deem just and proper.

Respectfully submitted this the 16th day of November, 2026.

**JACKSON LEWIS P.C.**

BY: /s/ *Margaret Zwicharowski*
MARGARET ZWICHAROWSKI

N.C. State Bar No. 61506
201 S. Tryon St., Suite 1200
Charlotte, NC 28202
Telephone: (980) 465-7241
Facsimile: (704) 333-7764
Email: Maggie.Zwicharowski@JacksonLewis.com

KATHRYN J. BARRY (*pro hac vice*)
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612

58 South Service Road, Suite 250
Melville, NY 11747
Telephone: (631) 247-4612
Email: Kathryn.Barry@JacksonLewis.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:26-cv-370-KDB-WCM

| | |
|---|---|
| SYREETA LANE,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | **CERTIFICATE OF SERVICE** |

The undersigned certifies that on November 16, 2026, the foregoing *Defendant Wells Fargo Bank, N.A.'s Answer and Affirmative Defenses to Plaintiff's Complaint* was electronically filed with the Clerk of the Court, using the CM/ECF electronic service system which will send notification of the filing to the following:

Kathryn Roseman
M. Anthony Burts II
P.O. Box 102
Newton, NC 28658
Katie@burtslaw.com
Anthony@burtslaw.com

*Attorneys for Plaintiff*

**JACKSON LEWIS P.C.**

BY: /s/ *Margaret Zwicharowski*
MARGARET ZWICHAROWSKI
N.C. State Bar No. 61506
201 S. Tryon St., Suite 1200
Charlotte, NC 28202
Telephone: (980) 465-7241
Facsimile: (704) 333-7764
Email: Maggie.Zwicharowski@JacksonLewis.com

KATHRYN J. BARRY (*pro hac vice*)
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612

58 South Service Road, Suite 250
Melville, NY 11747
Telephone: (631) 247-4612
Email: Kathryn.Barry@JacksonLewis.com

*Attorneys for Defendant*